IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| TANYA ANUSIE-HOWARD | * | |
| Plaintiff | * | |
| v. | * | |
| BOARD OF EDUCATION OF BALTIMORE COUNTY, *et al.* | * | Civil Action No.: 1:12-cv-00199 WDQ |
| | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN REPLY TO PLAINTIFF'S RESPONSE IN
<u>OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT</u>**

NOW COME Defendants Board of Education of Baltimore County (the "Board of Education") and William Todd, Michael Baker, Mike Eppig, and Anthony Lee (the "Individual Defendants") (hereinafter, collectively referred to as the "Defendants"), by their undersigned counsel, and respectfully submit this Memorandum in Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss in further support of their initial Motion to Dismiss and supporting Memorandum of Law (collectively, the "Motion"), which is fully incorporated as if set forth herein.

For the reasons discussed more fully below, the Opposition fails to demonstrate that any of Plaintiff's claims state a legally sufficient basis upon which relief may be granted. Accordingly, the Complaint is subject to dismissal, in its entirety, with prejudice, under Fed. R. Civ. P. 12(b)(6).

I. **INTRODUCTION.**

Plaintiff Tanya Anusie-Howard (the "Plaintiff"), a part-time Building Service Worker who has been employed by the Board of Education since October 11, 2002,[1] alleges claims of interference and retaliation under the Family Medical Leave Act (the "FMLA" or the "Act"). Following removal of this action from the Circuit Court of Baltimore County to this Court, the Defendants moved to dismiss the Complaint on January 27, 2012.  *See* ECF No. 8.

On February 16, 2012, Plaintiff filed a Response in Opposition to Defendants' Motion (the "Opposition").  *See* ECF No. 10.  The Defendants now submit this Reply Memorandum in response to the Opposition.

II. **ARGUMENT.**

As previously argued and discussed further below, dismissal of the Complaint is warranted because Plaintiff fails to meet the pleading standard articulated by the Supreme Court of the United States in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Secondly, Plaintiff fails to sufficiently allege her status as an "eligible employee" within the four corners of the Complaint.  Finally, Plaintiff fails to state a *prima facie* retaliation claim against the Defendants.

Concerning these critical issues, Plaintiff's Opposition utterly fails to overcome the inadequacies of her Complaint.  Instead, Plaintiff implores this Court to deny the Motion "to

---

[1]   *See* ECF No. 2, at p. 11 of 13; *see also* ECF No. 8-2.  Said documents are duplicative copies of Charge No 531-2011-02020 (the "Charge"), which Plaintiff filed with the U.S. Equal Employment Opportunity Commission on September 1, 2011 and attached to the Complaint.  Given that the Charge was filed *with* the Complaint and is relied upon by the Plaintiff, this Court need not transform the Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) into a motion for summary judgment under Fed. R. Civ. P. 56(c), as Plaintiff suggests in her Opposition. *See* Opp. at p. 2 (stating, "[t]his Honorable Court is limited to the four corners of the Complaint").  Similarly, ECF No. 2, at p. 12 of 13 and ECF No. 8-3 are duplicative copies of the EEOC Dismissal and Notice of Right to Sue letter dismissing the Charge.  In that it, too, was filed *with* the Complaint and relied upon by the Plaintiff, the Court need not convert the Motion into one for summary judgment.  *See* discussion, *infra*, at Section II(B), p. 7.

2

allow [her] to conduct . . . discovery pursuant to Fed. R. Civ. P. 56(d)." *See* Opposition, ¶ 3. Similarly, in her supporting Memorandum of Law (the "Opposition Memorandum"), Plaintiff urges this Court to "allow[ her] to pursue discovery to explore the evidence to be gleaned from these Defendants [and] . . . to do so before any preliminary dismissal." *See* Opp. Memo., at p.1. The arguments advanced in the Opposition – each of which are addressed in turn below – are unavailing and fail to overcome the inadequacy of the Complaint. Accordingly, dismissal of the Complaint is warranted under Fed. R. Civ. P. 12(b)(6).

      A.      **THE COMPLAINT FAILS TO MEET THE *IQBAL/TWOMBLY* PLEADING STANDARD, WARRANTING DISMISSAL IN ITS ENTIRETY IN FAVOR OF THE DEFENDANTS.**

Despite Plaintiff's erroneous assertions that the Defendants "intentionally misstates the legal requirements of pleading," Opp. Memo., p. 1, nothing in the Opposition or supporting Memorandum of Law saves the insufficiency of the bald factual allegations Plaintiff sets forth in the Complaint, thus resulting in her failure to state a claim upon which relief can be granted. Specifically, Plaintiff woefully fails to allege facts *within the four corners* of the Complaint which sufficiently give rise to viable claims of interference or retaliation against the Defendants under FMLA. Thus, this Court may properly dismiss the Complaint, in its entirety, with prejudice, under Fed. R. Civ. P. 12(b)(6).

"The purpose of a motion to dismiss is to test the sufficiency of a plaintiff's complaint." *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Thus, while Plaintiff correctly argues that "[a] complaint in Federal Court is not to contain every evidentiary fact, witness or episode which Plaintiff intends to provide at trial," Opp. Memo., at p. 2, she wrongly presumes that Fed. R. Civ. P. 8 is the guidepost which directs the manner in which reviewing courts weigh motions to dismiss. It is not.

3

In recent years, the Supreme Court of the United States in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) addressed the legal requirements of pleading, thus clarifying the standard applicable to Rule 12(b)6) motions. Frequently cited together, these cases delineate the *Iqbal/Twombly* pleading standard which is the current law by which reviewing courts consider motions to dismiss.[2]

Recently, Judge Williams of this Court discussed the *Iqbal/Twombly* standard of review concerning 12(b)(6) motions, stating:

> In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.
>
> In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949-50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

*Brown v. Bank of America, N.A.*, 2012 U.S. Dist. LEXIS 13168, *4 – 6 (D. Md. Feb. 3, 2012).

Regarding the notion that Plaintiff should be permitted to engage in discovery rather than defend the bald, conclusory allegations she set forth in the Complaint, the Supreme Court has

---

[2] Plaintiff cites a number of cases in her Opposition Memorandum which simply fail to fully consider the breadth of the inquiry reviewing courts are obliged to undertake in weighing 12(b)(6) motions. *See* Opp. Memo., at pp. 2 and 3. Thus, while she provides general statements of law regarding the standard of review, she does not go far enough. *Id.*

made clear that "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, ***but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions***."[3]  *Iqbal*, 129 S. Ct. at 1950 (emphasis supplied). Moreover, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*. at 1949.  In view of such reasoning, Plaintiff's argument in the instant Opposition that "[a] pleading is not to contain the voluminous evidentiary recitations to establish liability such as would eradicate each conceivable defense," Opp. Memo., p. 2, lacks merit.

In her Complaint, Plaintiff takes extreme liberty in tossing about bald assertions and legal conclusions such as her claims that the Defendants "engaged in a patterns (*sic*) of harassment . . . to punish her for tending to her husband" and that "the Defendants attempt[ed] to retaliate unjustly against the Plaintiff." Complaint, ¶¶ 10, 12.  She further alleges – in the absence of any factual support – that the Defendants engaged in "a pattern of vexatious and unfounded

---

[3]  In *Myung GA, Inc. v. Myung GA of MD, Inc.*, 2011 U.S. Dist. LEXIS 87496 (D. Md. Aug. 8, 2011), Chief Judge Chasanow noted the applicability of the *Iqbal/Twombly* standard of review, opining:

> Plaintiff makes a broad argument that applying *Iqbal's* standard would be fundamentally unfair, as the Plaintiff requires access to the civil discovery process.  Every plaintiff, no doubt, would prefer to have access to discovery before facing the test of a motion to dismiss.  But here again, Plaintiff ignores one of the central purposes of the plausibility standard:  restraining unnecessary discovery.  A plaintiff cannot simply file a hollow complaint and demand discovery.  While Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  As the Supreme Court explained further in another context:
>
>> It is self-evident that the problem of discovery abuse cannot be solved by careful scrutiny of evidence at the summary judgment stage, much less lucid instructions to juries; the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings.  Probably, then, it is only by taking care to require allegations that reach the level suggestions [a viable claim] that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence.
>
> Plaintiff's protestations about the need for discovery are no reason to suspend the *Iqbal* standard here. . .  In short, *Iqbal* applies to this case.

2011 U.S. Dist. LEXIS 87496 at *8 – 9 (internal citations and quotation marks omitted).

allegations" in their repeated attempts to fire her and to reduce favorable evaluations to unfavorable ones. *Id*. at ¶ 11.  In so alleging, Plaintiff does little more than express the kind of unadorned, the-defendant-unlawfully-harmed-me accusations *Iqbal* warned against.

As the Supreme Court found in *Iqbal*, "[i]t is the conclusory nature of [Plaintiff's] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Iqbal*, 129 S. Ct. at 1951.  Here, Plaintiff's "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that [Plaintiff] is entitled to relief.'" *Id.* at 1950.

Where, as here, a complaint fails to describe a legal theory or allege enough facts to state a claim for relief that is plausible on its face, it is must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  *Twombly*, 550 U.S. at 556.  Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  Because Plaintiff fails to identify any factual allegations in the Complaint that would state legally valid claims against the Defendants under the FMLA, the Complaint is subject to dismissal under Rule 12(b)(6).

Undoubtedly, Plaintiff is obligated to state sufficient factual detail which amounts to more than mere statements of unadorned accusation. *Twombly, supra*.  Furthermore, despite Plaintiff's desire that it do so, this Court need not accept her unsupported legal allegations offered in support of her claims.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Revene v. Charles County Comm'rs*, 882 F. 2d 870, 873 (4th Cir. 1989).  Here, Plaintiff cannot avoid dismissal of the Complaint where "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950.

Simply put, the allegations contained in the Complaint fail to "nudge" any of Plaintiff's claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see also Enadeghe v. Ryla Teleservices, Inc.*, 2009 U.S. Dist. LEXIS 124578, *17-19 (N.D. Ga. Dec. 22, 2009) (dismissing plaintiff's race discrimination claim after plaintiff failed to allege any facts showing she could establish a prima facie case or any other facts showing race discrimination). Thus, it is respectfully submitted that dismissal of the Complaint is warranted.

**B.    THE COURT NEED NOT CONVERT THE DEFENDANTS' MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT AS PLAINTIFF ERRONEOUSLY SUGGESTS.**

In her Opposition, Plaintiff argues that "the Court may not consider the extraneous allegations and wishful hypotheses which is the foundation of Defendants' Motion to Dismiss." Opp. Memo., p. 2. Continuing, Plaintiff contends that "[t]his Honorable Court is limited to the four corners of the Complaint and the facts set forth therein." *Id*. Astonishingly, Plaintiff then attaches to her Opposition five separate exhibits – none of which were relied upon in the Complaint – in an apparent last-ditch effort to somehow save her factually barren Complaint and to refute sound argument advanced by the Defendants in favor of dismissal.

As pointed out in footnote 1, *supra*, the only exhibits attached to the Defendants' Motion where duplicative copies of the Charge and Right to Sue letter, both of which were filed with the Complaint and specifically relied upon by the Plaintiff. For that reason alone, this Court should exclude all materials submitted by the Plaintiff with her Opposition and should certainly forego converting the Defendants' Motion into one for summary judgment.

The Motion challenges the sufficiency of the Complaint. The Motion is not intended, as Plaintiff wrongfully contends, "to insert new and different facts from those plead," nor is it "inappropriate and . . . merely dilatory." *See* Opposition, at ¶ 6.

The Fourth Circuit in *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk Southern Corp.*, 109 F.3d 993, 995-96 (4th Cir. 1997) addressed the propriety of converting 12(b)(6) motions into motions for summary judgment. There, the Court explained:

> Rule 12(b)(6) does not provide that a motion to dismiss supported by materials outside the pleadings shall be treated as one for summary judgment when filed with the court or when served on a party. Rather, the rule expressly states that a motion to dismiss supported by such materials shall be treated as a summary judgment motion only when the materials are presented to and not excluded by the district court. . . . The mere submission or service of extraneous materials does not by itself convert a Rule (12)(b)(6) motion into a motion for summary judgment. . . . If a motion to dismiss supported by extraneous materials automatically converts to a summary judgment motion . . . , the discretion Rule 12(b)(6) rests in the district court to determine whether or not to exclude matters outside the pleadings would be eliminated. . . [O]ur interpretation of Rule 12(b)(6) accords with the better reasoned view that conversion takes place at the discretion of the court, and at the time the court affirmatively decides not to exclude extraneous matters.

Pursuant to precedent concerning 12(b)(6) motions, this Court should properly disregard – i.e., exclude as superfluous – those exhibits Plaintiff attaches to her Opposition. Instead, it is respectfully submitted that the Motion should be decided upon argument advanced therein in comparison to the factually barren allegations which comprise the Complaint. It obvious that Plaintiff attempts to convince this Court to convert the Defendants' 12(b)(6) motion into a motion for summary judgment under Fed. R. Civ. P. 56. The sole question before this Court, however, is whether Plaintiff has presented factually sufficient claims under the FMLA. Unlike a motion for summary judgment – which weighs whether evidence in the record raises a question of material fact sufficient to proceed to trial – the instant 12(b)(6) Motion simply tests the sufficiency of the Plaintiff's Complaint.

8

**III.    CONCLUSION.**

For the reasons stated herein, as well as those previously articulated in its Motion to Dismiss, the Defendant Board of Education of Baltimore County respectfully requests that the Court dismiss the Complaint, in its entirety, with prejudice, for Plaintiff's failure to state a claim upon which relief may be granted.

Respectfully submitted,

/s/ (filed electronically)
_____
Leslie Robert Stellman
Federal Bar No. 01673
Hodes, Pessin & Katz, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland   21204
Tele:  (410) 330-6752
Fax:   (410) 832-5661
lstellman@hpklegal.com


/s/ (filed electronically)
_____
Lisa Y. Settles
Federal Bar No. 25838
Hodes, Pessin & Katz, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland   21204
Tele:  (410) 339-5783
Fax:   (410) 832-5631
lsettles@hpklegal.com

/s/ (filed electronically)
_____
Andrew G. Scott
Federal Bar No. 29257
Hodes, Pessin & Katz, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland   21204
Telephone:  (410) 339-6744
Fax:   (410) 832-5627
ascott@hpklegal.com
**ATTORNEYS FOR THE DEFENDANT**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 5th day of March, 2012, a copy of the foregoing Memorandum in Reply to Plaintiff's Response in Opposition to the Defendant's Motion to Dismiss was electronically filed in the U.S. District Court for the District of Maryland (Northern Division) through the Court's CM/ECF and served, via first-class mail, postage prepaid, upon:

>Tanya Anusie-Howard
>8630 Allenswood Road
>Randallstown, Maryland 21133
>**PRO SE PLAINTIFF**

>/s/ (filed electronically)
>_____
>Lisa Y. Settles

354619-1