```
           IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

TANYA ANUSIE-HOWARD,          *

      Plaintiff,             *

          v.                  *        CIVIL NO.: WDQ-12-0199

BOARD OF EDUCATION OF         *
BALTIMORE COUNTY, et al.,

      Defendants.            *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Tanya Anusie-Howard, *pro se*, sued the Baltimore County Board of Education and others (collectively "the defendants") for interfering with and retaliating against her exercise of rights under the Family and Medical Leave Act ("FMLA"). For the following reasons, the defendants' motion to dismiss will be granted without prejudice, and Anusie-Howard will be given permission to file a complaint that shows that she had worked at least 1,250 hours in the 12 months before she filed her FMLA request.

I.   Background[1]

Anusie-Howard is a Building Service Worker for the Board of Education of Baltimore County ("the Board"); she worked at elementary schools in Baltimore County. ECF No. 2 ¶1. Her "designated hours of employment as [a] Building Service Worker were from 4:00 p.m. to 8:00 p.m. five . . . days a week." *Id.* ¶7.[2]

Before October 2008, Anusie-Howard's husband became ill and unable to care for himself. *Id.* ¶9. Between October 2 and 21, 2008, Anusie-Howard submitted three requests to take leave under the FMLA, to care for her husband.[3] *Id.* ¶16. Mary Romney, a Board employee, told Anusie-Howard that the applications had been received and approved. *Id.*

---

[1] For the motion to dismiss, the well-pled allegations in the complaint are accepted as true. *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). A court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" on a 12(b)(6) motion. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may take judicial notice of matters of public record. *Clark v. BASF Salaried Emps.' Pension Plan*, 329 F. Supp. 2d 694, 697 (W.D.N.C. 2004), *aff'd*, 142 F. App'x 659 (4th Cir. 2005).

[2] In her opposition to the motion to dismiss, Anusie-Howard referenced and attached personnel files indicating that, before October 19, 2009, she worked 40 hours per week. ECF No. 10-1 at 4; ECF No. 10-3 at 1.

[3] In her opposition, Anusie-Howard stated that she requested FMLA leave on November 5 and 22, 2010. ECF No. 10-1 at 4. She attached to the opposition her requests, and documents showing that she was approved for FMLA leave on November 11, 2010 and May 23, 2011. ECF Nos. 10-2, 10-4.

On October 20, 2008, Anusie-Howard stayed home, believing that her FMLA requests had been approved. *Id.* That day, Kevin Kenion, a supervisor, telephoned her, "accus[ing her] of improperly . . . failing and refusing to report to work." Kenion said that he had not received her FMLA requests. *Id.*

On November 11, 2008, Anusie-Howard told her supervisor, Kevin Roberts, that Romney had "misled" her about the status of her FMLA requests. *Id.* ¶17. Roberts told Anusie-Howard "not to call him any more." *Id.*

In October 2009, Anusie-Howard was assigned to part-time custodial work at Millbrook Elementary School. She worked four hour shifts five days a week, but was "expected to perform . . . full-time duties." *Id.* ¶18.

On October 20, 2010, Anusie-Howard injured her back "as a direct result of the time constraints of the extra work that she was forced to perform." *Id.* ¶25. William Todd, the Building Operations Supervisor, refused to give Anusie-Howard the proper Workers' Compensation request forms. *Id.* ¶26. She was denied Workers' Compensation. *Id.* ¶28. Anusie-Howard returned to work on January 4, 2011. *Id.* ¶29.

On August 29, 2011, after Hurricane Irene, Anusie-Howard received a recorded message from Board Superintendent Dr. Joe A. Hairston instructing all employees not to report to work because of the weather. *Id.* ¶34. Anusie-Howard did not know that Todd

and Field Representative Michael Baker had called other employees and told them to disregard the message; they did not tell Anusie-Howard. *Id.* Baker and Todd called Anusie-Howard after her scheduled shift, "demanding" that she explain why she had not come to work. *Id.*

On September 1, 2011, Anusie-Howard filed a Charge of Discrimination, alleging retaliation, with the Equal Employment Opportunity Commission ("EEOC"). On September 13, 2011, the EEOC dismissed the charge and gave Anusie-Howard a notice of right to sue within 90 days. *Id.* at 11-12.

On December 13, 2011, Anusie-Howard sued the defendants in the Circuit Court for Baltimore County for interfering with her FMLA rights and retaliation for exercising those rights. ECF No. 2. On January 20, 2012, the defendants removed to this Court. ECF No. 1. On January 27, 2012, the defendants moved to dismiss the complaint for failure to state a claim. ECF No. 8. Anusie-Howard opposed the motion, ECF No. 10, and asked for a hearing, ECF No. 11.[4]

II. Analysis

    A.   Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted.

---

[4] Anusie-Howard's motion for a hearing, ECF No. 11, will be denied as unnecessary. *See* Local Rule 105.6.

Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires the plaintiff to do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679. "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).

B.  The Motion to Dismiss

The defendants contend that the complaint should be dismissed because Anusie-Howard has not alleged that she is an eligible employee under the FMLA. ECF No. 8 at 4.

1.  The FMLA

Under the FMLA, eligible employees are entitled to 12 weeks of leave during a 12-month period for covered reasons, including, caring for the employee's spouse. 29 U.S.C. § 2612(a)(1)(C). Employers may not (1) "interfere with, restrain, or deny the exercise of" the right to that leave, or (2) "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]." 29 U.S.C. § 2615(a). A claim based on the first prohibition is an interference claim; one based on discrimination is considered a retaliation claim. *Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 546 (4th Cir. 2006).

An eligible employee is an employee who has (1) been employed for at least the 12 months before taking FMLA leave, by the employer, and (2) worked at least 1,250 hours of service for the employer during the 12 months before taking FMLA leave. 29 U.S.C. § 2611(2)(A). As the FMLA only protects eligible employees, Anusie-Howard's complaint must show that she worked

for the Board for at least the 12 months before her FMLA requests, and in the 12 months before the requests she worked 1,250 hours.[5]

2.   Anusie-Howard's Complaint

Anusie-Howard's complaint contains no facts showing that she was an eligible employee when she sought FMLA leave. She alleged that she worked 20 hours per week, and did not allege that she ever worked more than that. See ECF No. 2 ¶¶7, 18. The Court will not consider the documents she submitted with her opposition to the motion, as they are not matters of public record. See Clark v. BASF Salaried Emps.' Pension Plan, 329 F. Supp. 2d 694, 697 (W.D.N.C. 2004), aff'd, 142 F. App'x 659 (4th Cir. 2005) (considering documents publicly filed in an earlier action); Fed. R. Civ. P. 12(d).

As it does not show that she was an eligible employee, Anusie-Howard's complaint fails to state a claim for interference with or retaliation against exercise of her FMLA rights; it will be dismissed.

---

[5] Smith v. Westchester Cnty., 769 F. Supp. 2d 448, 465 (S.D.N.Y. 2011) (to state an FMLA claim, the plaintiff must adequately plead that she is an eligible employee and support it with facts showing she meets the criteria); Seaman v. Downtown P'ship of Balt., Inc., 991 F. Supp. 751, 753 (D. Md. 1998) (dismissing complaint because it showed that the plaintiff was not an eligible employee).

C. Request for Discovery

Anusie-Howard asks the Court to deny the motion to dismiss so that she can conduct discovery. ECF No. 10 at 1. The relevant inquiry on a motion to dismiss for failure to state a claim is limited to whether the complaint adequately states claims for which relief may be granted, not whether the claim can be proven. *See Presley*, 464 F.3d at 483. Rule 8 "does not unlock the doors of discovery for a plaintiff"--she must state a plausible claim for relief before she is entitled to discovery. *Iqbal*, 556 U.S. at 678-79.

Anusie-Howard's request for discovery does not justify denying the motion to dismiss.

D. Leave to Amend

Because it appears that amendment will not be futile, Anusie-Howard will be given permission to file an amended complaint that shows that she had worked at least 1,250 hours in the 12 months before she filed her FMLA request.

III. Conclusion

For the reasons stated above, the defendants' motion to dismiss will be granted.

_5/30/12_____                    _____
Date                                        William D. Quarles, Jr.
                                            United States District Judge