IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

TANYA ANUSIE-HOWARD,

    Plaintiff,

      v.                  CIVIL NO.: WDQ-12-0199

WILLIAM TODD, *et al.*,

    Defendants.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Tanya Anusie-Howard sued William Todd, Michael Baker, Michael Eppig, Anthony Lee, and the Baltimore County Board of Education (collectively the "defendants") for violations of the Family Medical Leave Act ("FMLA").[1]  Pending are Anusie-Howard's motion to strike and the defendants' motion to dismiss for failure to state a claim.  No hearing is required.  *See* Local Rule 105.6.  For the following reasons, Anusie-Howard's motion to strike will be denied.  The defendants' motion to dismiss will be granted in part and denied in part.  Anusie-Howard will be granted leave to amend her complaint.

---

[1] 29 U.S.C. §§ 2601 *et seq.*

I.   Background[2]

Anusie-Howard is a building service worker at elementary schools in Baltimore County.  ECF No. 15 ¶ 1.  At all relevant times, Todd was a Buildings Operations Supervisor, Baker a Field Representative, Eppig a Senior Operations Supervisor, and Lee an employee[3] of Baltimore County Public Schools.  *Id.* ¶¶ 3-5, 14.  Todd, Baker, and Eppig supervised Anusie-Howard.  *Id.* ¶ 6.

In 2003, Anusie-Howard's husband became disabled; he is unable to be left alone for extended periods.[4]  *Id.* ¶ 9.  Anusie-Howard has needed to take time from work to care for him.[5]  *Id.*

On June 16, 2005, Kevin Kenion[6] confronted Anusie-Howard about her failure to clean lockers.  *Id.* ¶ 11.  Following meetings on June 17 and 23, 2005, on July 19, 2005, Anusie-Howard was placed on paid administrative leave and probation; her request to transfer to another school was also denied.  *Id.* ¶¶ 12-13.  Sometime in or before November 2006, Lee changed

---

[2] For the motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).

[3] The amended complaint does not specify Lee's position.

[4] Anusie-Howard does not identify her husband's disability.

[5] Anusie-Howard alleges that she was eligible for FMLA in 2003, but does not allege whether she attempted to utilize FMLA leave. *Cf.* ECF No. 15 ¶ 9.

[6] The amended complaint describes Kenion as "acting Chief" but does not elaborate. *See* ECF No. 15 ¶ 11.

Anusie-Howard's pay codes and failed to submit her doctors' notes so that it appeared that she was reporting to work late. *Id.* ¶ 14. On February 5, 2007, Lee lied about Anusie-Howard's procedure for cleaning a restroom. *Id.* ¶ 15.

In October 2008, Anusie-Howard requested leave under FMLA to care for her husband who had begun suffering from kidney and heart failure. *Id.* ¶ 16. She did not use the entire 12-weeks. *Id.* Mary Romney[7] assured Anusie-Howard that her paperwork had been received and approved. *Id.* However, Kenion called Anusie-Howard and "harassed" her for not reporting to work. *Id.* Romney then stated that she had not received the paperwork. *Id.* Anusie-Howard reported to her supervisor, Kevin Roberts, that Romney had lied about the approval, but Roberts took no action. *Id.* ¶ 17.

In October 2009,[8] Anusie-Howard on three occasions requested FMLA leave to care for her husband who had suffered a hernia. *Id.* ¶¶ 16, 50-51. The request was denied, and Anusie-Howard was forced to use her vacation days, sick time, and other benefits. *Id.* ¶¶ 60-61. Because of this denial, on October 19, 2009, Anusie-Howard switched to a part-time position. *Id.* ¶ 60. She was assigned to Millbrook Elementary school for four-hour shifts

---

[7] Romney is "an employee for" the Baltimore County Public Schools. *See* ECF No. 15 ¶ 16.

[8] Anusie-Howard does not allege a specific date.

five days a week. *Id.* ¶ 18. If a full-time worker did not report for duty, she was expected to fulfill that worker's responsibilities and her own within those four hours. *Id.*

On March 18, 2010, Anusie-Howard called in sick with a viral infection. *Id.* ¶ 23. Baker called her and said "You need to bring your tail to work because you're being vindictive towards Pat."[9] *Id.* He then threatened Anusie-Howard "by indicating that he was aware of unidentified items in her personnel file that reflected negatively on her." *Id.* Also in March 2010, Baker also "initiated aggressive arguments with [Anusie-Howard] regarding her use of her FMLA benefits." *Id.* ¶ 54(a).

On April 14, 2010, Anusie-Howard filed a grievance report alleging that Roberts continued to assign her additional full-time duties to be performed within her work schedule and disciplined her for an absence on April 8, 2010, when she had "adhere[d] to proper call-in procedure."[10] *Id.* ¶ 24. On April 28, 2010, Anusie-Howard met with Roberts, Todd, and Lora Williams, a union representative. *Id.* ¶ 25. Although Anusie-Howard believed the meeting was about her grievance and a recent appraisal by Baker, she was not given the opportunity to discuss

---

[9] The amended complaint does not identify Pat.

[10] Anusie-Howard has not alleged any additional details about the April 8 incident.

these issues. *Id.* Instead, she "faced accusations" of unspecified "gross misconduct." *Id.*

From April 2010 to October 2010, Todd assigned a "dispro-portionately physical workload" on Anusie-Howard, requiring her to complete the duties of a full-time employee in addition to her own in a part-time schedule. *Id.* ¶ 27. Anusie-Howard had greater duties than her co-workers: up to 80% of the total cleaning duties. *Id.*

On October 20, 2010, Anusie-Howard injured her back at work. *Id.* ¶ 28. Todd refused to provide her with workers' compensation papers, and Anusie-Howard was forced to use sick time, urgent business time, floating holiday time, and family sick time to recover. *Id.* ¶ 30.

On January 4, 2011, Anusie-Howard returned to work; her doctor had recommended light duty. *Id.* ¶ 32. Todd assigned Anusie-Howard her regular duties. *Id.* On January 7, 2011, Todd falsely accused Anusie-Howard of not cleaning all the classrooms. *Id.* ¶ 33.

On January 20, 2011, Frank Leon[11] went to the school to address Todd's accusations about Anusie-Howard's performance. *Id.* ¶ 34. When Anusie-Howard told him that Todd had assigned her eight hours of work to be completed within four hours, he

---

[11] Leon was a Field Representative. ECF No. 15 ¶ 54(f).

responded "I don't know why Mike Baker and William Todd won't leave you alone."  *Id.*

On May 10, 2011, Anusie-Howard filed another grievance, alleging that although she had timely notified her supervisors of a family emergency, she was told that she would not be compensated for her time off.  *Id.* ¶ 26.  On May 20, 2011, Anusie-Howard met with Williams.  *Id.* ¶ 35.  Anusie-Howard learned that the defendants "sen[t] fabricated emails, falsif[ied] and wrongfully modif[ied] . . . paperwork regarding vacation pay . . . [and] intentionally fail[ed] to submit [Anusie-Howard]'s requests for paid time off."  *Id.*  On August 11, 2011, Anusie-Howard filed another grievance.  *Id.* ¶ 36.

On August 29, 2011, Anusie-Howard received a recorded telephone call from the superintendent stating that all school employees were off because of power outages from Hurricane Irene.  *Id.* ¶ 37.  That afternoon, Anusie-Howard received a call from a coworker inquiring why she was not at work; Millbrook had power, and maintenance employees had been told to report.  *Id.* Baker and Todd had called other maintenance workers, but not Anusie-Howard.  *Id.*

On September 1, 2011, Anusie-Howard filed a charge with the Equal Employment Opportunity Commission ("EEOC") stating that the defendants and others had retaliated against her by giving her an excessive workload and falsifying her attendance records

in retaliation for her use of her sick time.[12]   *See id.* ¶ 43; ECF
No. 15-1 (charge).   On September 12, 2011, Anusie-Howard did not
report to work because Todd had denied her access to the
building.   *Id.* ¶ 54(e).   On September 13, 2011, the EEOC sent
Anusie-Howard a right to sue letter.   ECF No. 15 ¶ 45; *see* ECF
No. 15-2 (letter).   On September 20, 2011 Leon "engaged in a
hostile confrontation" with Anusie-Howard concerning her EEOC
charge.   *Id.* ¶ 54(f).   On October 5, 2011, Baker and Eppig
threatened Anusie-Howard "with discipline and discharge."   *Id.* ¶
54(g).

On December 13, 2011, Anusie-Howard sued the defendants in
the Circuit Court for Baltimore County, Maryland for punitive
and compensatory damages for (1) retaliation for her filing for
FMLA benefits (the "retaliation claim"), and (2) violation of
FMLA (the "interference claim").[13]   ECF No. 2.   On January 20,
2012, the defendants removed to this Court.   ECF No. 1.   On June
8, 2012, Anusie-Howard filed an amended complaint, alleging more
information about her eligibility for benefits under FMLA.   ECF
No. 15.

On June 25, 2012, the defendants moved to dismiss for
failure to state a claim.   ECF Nos. 16, 18 (corrected).   Lisa

---

[12] The charge connects the alleged retaliation to the use of
Anusie-Howard's sick time, not FMLA.   *Cf.* ECF No. 15-2.

[13] *See Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 546
(4th Cir.) (describing interference and retaliation claims).

Settles, counsel for the defendants, certified that Anusie-Howard was mailed a copy of the motion and related documents. ECF No. 16 at 3.  The same day, a deputy clerk mailed the Court's "Rule 12/56 Letter" to Anusie-Howard, informing her of the potential consequences of the motion.  ECF No. 17.

Anusie-Howard claims that she never received the motion and did not know that it had been filed until she received the Rule 12/56 Letter.  *See* ECF No. 19 at 7.  She swore that she went to the Clerk's office to inquire about the motion; a deputy clerk contacted Settles who "admitted to the clerk that she had never forwarded a copy of the Motion to Dismiss" to Anusie-Howard. ECF No. 19-3 ¶ 3.

Settles swore that Jane Matthews, administrative assistant to defense counsel, forwarded the motion and attached documents to Anusie-Howard.  ECF No. 21-2 ¶¶ 6, 8.  Settles never received a telephone call from the Clerk's office about this case and did not admit that she had forgotten to mail the motion.  *Id.* ¶ 9. Matthews also swore that she mailed the motion, she never received a telephone call from the Clerk's office, and she never stated that Settles or her co-counsel had failed to mail the documents.  ECF No. 21-3 ¶¶ 4-7.

II.  Analysis

A.  Motion to Strike

Anusie-Howard requests that the defendants' motion to dismiss be stricken under Fed. R. Civ. P. 12(f) because she was never sent a copy of the motion.  ECF No. 19 at 1.  The defendants argue that Rule 12(f) does not permit the motion to be struck.  ECF No. 21.

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A motion is not a pleading. *Cf.* Fed. R. Civ. P. 7(a) (listing types of pleadings).  Although some cases have held that Rule 12(f) may be used to strike documents other than pleadings,[14] the weight of recent authority is that such an action is not contemplated or permitted by the Rules.[15]

The Court does have inherent authority to strike other documents.[16]  "Because of their very potency, inherent powers

---

[14] *See, e.g.,* *McLaughlin v. Copeland*, 435 F. Supp. 513, 519 (D. Md. 1977) (collecting cases).

[15] *See, e.g.,* *In re Minh Vu Hoang*, Civ. No. DKC-11-2320, 2012 WL 5995621, at *5 (D. Md. Nov. 29, 2012); *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F. Supp. 2d 1020, 1029 (N.D. Ohio 2010); 5C Charles Alan Wright et al., *Federal Practice & Procedure* § 1380 & nn.4-6 (3d ed.).

[16] *See Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 150 (4th Cir. 2007); *Kelly v. FedEx Ground Package Sys., Inc.*, No. 3:10-cv-01265, 2011 WL 1584764, at *3 (S.D.W.V.

must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

It is disputed whether the motion to dismiss was mailed. Anusie-Howard swore that an unnamed deputy clerk contacted Settles, who admitted that she never mailed a copy of the motion. ECF No. 19-3 ¶ 2. Settles and Matthews declared that Matthews mailed the motion and accompanying documents to Anusie-Howard. ECF Nos. 21-2 ¶¶ 6, 8; 21-3 ¶¶ 4, 6. Despite this factual dispute, Anusie-Howard had actual notice of the motion and timely responded. *See* ECF No. 19. Accordingly, the Court will not exercise its inherent authority to strike the motion. *See Chambers*, 501 U.S. at 44. Anusie-Howard's motion to strike will be denied.

B.   Motion to Dismiss

The defendants seek dismissal of Anusie-Howard's claims by asserting that Anusie-Howard (1) is barred by the statute of limitations for her interference claims, and (2) lacks elements of a retaliation claim.

1.   Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but

---

Apr. 26, 2011); *Jennings v. Univ. of N.C. at Chapel Hill*, 340 F. Supp. 2d 666, 672 (M.D.N.C. 2004).

does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

11

alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

### 2.   Interference claims

The defendants assert that the statute of limitations bars Anusie-Howard's claim of interference with her FMLA rights.[17] ECF No. 18-1 at 6-8.  Anusie-Howard argues that the claim is timely.  ECF No. 19 at 11-13.

An FMLA action generally must be brought within two years of the last event constituting an alleged violation.  29 U.S.C. § 2617(c)(1).  If the violation was willful, however, a plaintiff has three years to file suit.  *Id.* § 2617(c)(2).  "A willful violation is shown when an employer knew or showed reckless disregard regarding whether its conduct was prohibited."[18]  That is, Anusie-Howard "must show more than that [the defendants] were merely negligent in failing to inform [her] of her FMLA.  *Settle*, 1999 WL 486643, at *3.

Anusie-Howard filed the complaint in circuit court on December 13, 2011.  ECF No. 2 at 1 (date stamp).  Under either the two- or three-year limitations, her claim on the October 2008 FMLA request is untimely.  Her claim about the October 2009

---

[17] The defendants have not challenged the merits of the interference allegations.

[18] *Settle v. S.W. Rodgers Co., Inc.*, 182 F.3d 909 (table), 1999 WL 486643, at *3 (4th Cir. 1999);

12

request is timely if the FMLA violation was willful.  *See* 29 U.S.C. § 2617(c)(2).

Anusie-Howard has sufficiently alleged a willful October 2009 request violation.  Intent and other states of mind may be pled generally, and *pro se* complaints are to be construed liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); Fed. R. Civ. P. 9(b).  Anusie-Howard alleges that the defendants denied requested FMLA leave to care for her husband when he suffered a hernia.  ECF No. 15 ¶ 3.  Because of this denial and violation, the defendants forced her to use her vacation days and other time off, and she switched to part-time work.  *Id.* ¶¶ 60-61.  This is sufficiently alleged willful conduct or reckless indifference.[19]  Accordingly, her claim for interference with her October 2008 request is time barred; the October 2009 request claim is not.

### 3.   Retaliation Claims

The defendants assert that Anusie-Howard's retaliation claims fail because (1) she suffered no adverse employment action, and (2) there is no nexus between her requests for leave and the retaliatory conduct.  ECF No. 18-1 at 9-10.  Anusie-

---

[19] *See Beekman v. Nestle Purina Petcare Co.*, 635 F. Supp. 2d 893, 909 (N.D. Iowa 2009); *cf. Honeycutt v. Balt. Cnty.*, Civ. No. JFM-06-0958, 2007 WL 1858691, at *4 (D. Md. June 18, 2007) (finding no willful violation when request was approved and employer attempted to accommodate).

Howard contends that she alleges retaliatory conduct.   ECF No.
19 at 13-17.

To make a prima facie showing of retaliation, Anusie Howard
must show (1) that she engaged in a protected activity, (2) her
employer took adverse action against her, and (3) the adverse
action was causally connected to her protected activity.
*Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 551 (4th
Cir. 2006).

### a.   Adverse Employment Action

The defendants assert that the facts alleged show no
adverse employment action against Anusie-Howard.   ECF No. 18-1
at 9.   Anusie-Howard argues that she has alleged numerous
adverse actions.   ECF No. 19 at 15-17.

An action is an adverse employment action if "a reasonable
employee would have found the challenged action materially
adverse." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S.
53, 68 (2006) (internal quotation marks omitted).   "Whether a
particular reassignment is materially adverse depends upon the
circumstances of the particular case, and should be judged from
the perspective of a reasonable person in the plaintiff's
position, considering all the circumstances." *Id.* at 71
(internal quotation marks omitted).   However, "petty slights or
minor annoyances," do not constitute adverse actions. *Id.* at
68.

Anusie-Howard alleges numerous incidents, such as her assignment of the work of a full-time employee in addition to her own, a physical workload despite doctor's orders, and more work than her coworkers, all on a part-time schedule. ECF No. 15 ¶¶ 27, 32, 37. Anusie-Howard has sufficiently alleged adverse employment actions.[20]

        b.   Causal Connection

The defendants assert that Anusie-Howard has not alleged a causal connection between her FMLA requests and the retaliatory actions. ECF No. 18-1 at 10. Anusie-Howard has not directly addressed this argument in her opposition.

"[A] causal connection . . . exists where the employer takes adverse employment action against an employee shortly after learning of the protected activity." *Price v. Thompson*, 380 F.3d 209, 213 (4th Cir. 2004). Courts have held that the passage of a few months is sufficient to negate a causal connection when time, and nothing more, is alleged.[21] The

---

[20] *See Gilreath v. North Carolina ex rel. Cumberland Cnty. Bd. of Educ.*, No. 5:11-CV-00627-BR, 2012 WL 1219765, at *3 (E.D.N.C. Apr. 10, 2012). The cases upon which the defendants rely are unpersuasive, as they concern petty slights or minor annoyances. *See White v. Ameritel Corp.*, Civil No. DKC-10-0929, 2011 WL 6837644, at *8 (D. Md. Dec. 28, 2011); *Bishop v. Bd. of Educ. of Calvert Cnty.*, Civil No. DKC-11-1100, 2011 WL 2651246, at *7 (D. Md. July 5, 2011).

[21] *See Pascual v. Lowe's Home Ctrs., Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006) (per curiam) (four months); *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (three months); *Hughes*

earliest alleged potentially retaliatory action was Baker's
threat to Anusie-Howard when she called in sick on March 18,
2010; this was about five months after the October 2009
request.[22]   *See* ECF No. 15 ¶ 23.

The sole reference to FMLA in any alleged action by the
defendants is Baker "initiat[ing] aggressive arguments with
[Anusie-Howard] regarding her use of her FMLA benefits."  ECF
No. 15 ¶ 54(a).  This conclusionary description does not meet
the *Burlington* standard for material adversity because it "did
not impose any disciplinary action . . . or otherwise have a
tangible employment consequence."  *See Wells v. Gates*, 336 F.
App'x 378, 383 (4th Cir. 2009); *Burlington*, 548 U.S. at 68.

---

*v. Derwinski*, 967 F.2d 1168, 1174 (7th Cir. 1992) (four months);
*cf. Price*, 380 F.3d at 213 (finding causal connection at nine
months in failure-to-hire context because the adverse action was
taken at the first opportunity).

[22] Anusie-Howard alleges other unfavorable conduct by the
defendants from before the October 2008 request.  *See* ECF No. 15
¶¶ 11-15.  The defendants could not retaliate against her for
requests she had not made.  *See McNeill v. Bd. of Governors of
the Univ. of N.C.*, 837 F. Supp. 2d 540, 545 (M.D.N.C. 2011).
Further, any alleged retaliation before December 13, 2008, would
be time-barred.  *See* 29 U.S.C. § 2617(c); *supra* Part II.B.2.
Similarly, any alleged retaliation for Anusie-Howard's EEOC
charge has not been connected to the FMLA charge; that charge
refers to her use of sick time.  *Cf.* ECF No. 15-2.  Administra-
tive exhaustion is not required to bring a FMLA suit; moreover,
the Wage and Hour Division of the Employment Standards Admini-
stration, not the EEOC, is the proper administrative body to
adjudicate a FMLA complaint.  *See* 29 U.S.C. § 2617(a)(2) (giving
private right of action); 29 C.F.R. § 825.400-.401 (describing
enforcement).

This confrontation is interference, not retaliation.  *See* 29 U.S.C. § 2615(a)(1); *Yashenko*, 446 F.3d at 546.

Anusie-Howard has not pled any causal connection between her FMLA requests and the retaliatory actions other than temporal proximity, which, in this case, is too remote to provide a nexus.  *See Pascual*, 193 F. App'x at 233.  Accordingly, her retaliation claim will be dismissed.[23]

D.   Leave to Amend

Anusie-Howard requests leave to amend ECF No. 19 at 18.  The defendants have not opposed the request for leave to amend.[24]

Because more than 21 days have passed since the defendants moved to dismiss, Anusie-Howard may amend her complaint only if the defendants consent or with the Court's permission.  Fed. R. Civ. P. 15(a)(2); *Rice v. PNC Bank, N.A.*, No. PJM-10-0007, 2010 WL 1711496, at *2 (D. Md. Apr. 26, 2010).  Fed. R. Civ. P. 15(a)(2) instructs that leave should be freely given when justice requires.  Leave should be denied only when amendment would prejudice the opposing party, amount to futility, or

---

[23] Anusie-Howard again asks the Court to deny the motion so that she may obtain discovery.  *See* ECF No. 15. at 17.  As stated in the Court's prior Memorandum Opinion, Anusie-Howard must state a plausible claim for relief before she is entitled to discovery; her request for discovery does not justify denying the motion to dismiss.  ECF No. 13 at 8 (*quoting Iqbal*, 556 U.S. at 678-79).

[24] However, they ask that the amended complaint be dismissed with prejudice.  *See* ECF No. 20 at 1.

reward the movant's bad faith.  *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

The Court has permitted Anusie-Howard to amend her complaint to allege that she was eligible for leave under FMLA. *See* ECF No. 13 at 8.  The amended complaint, however, contains pleading deficiencies in the merits of her retaliation claim. It does not appear that amendment would be futile or that the defendants would be prejudiced.  Accordingly, Anusie-Howard will be permitted to amend her retaliation claim so that she may plead a prima facie case.[25]

Anusie-Howard will not, however, be permitted to amend the interference claim about the October 2008 request.  Any amendment would be futile, as the three-year limitations period had run before she filed the complaint. *See supra* Part II.B.2.

III. Conclusion

For the reasons stated above, the defendants' motion to dismiss will be granted in part and denied in part.  Anusie-Howard will be granted leave to amend her complaint.

_____
Date    1/29/13

_____
William D. Quarles, Jr.
United States District Judge

---

[25] The Court is unlikely to grant further permission to amend.

18