IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

TANYA ANUSIE-HOWARD,

    Plaintiff,

    v.                           CIVIL NO.: WDQ-12-0199

WILLIAM TODD, et al.,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Tanya Anusie-Howard sued William Todd, Michael Baker, Mike Eppig, Anthony Lee, and the Baltimore County Board of Education (collectively the "defendants") for violating the Family Medical Leave Act ("FMLA").[1] Pending is the defendants' motion to dismiss for failure to state a claim. ECF No. 25. No hearing is necessary. Local Rule 105.6 (D. Md. 2012). For the following reasons, the defendants' motion to dismiss will be granted in part and denied in part.

---

[1] 29 U.S.C. §§ 2601 et seq.

I.   Background[2]

Anusie-Howard is a building service worker at elementary schools in Baltimore County. ECF No. 24 at 1. Todd was a Buildings Operations Supervisor, Baker a Field Representative, Eppig a Senior Operations Supervisor, and Lee an employee[3] of Baltimore County Public Schools (BCPS). *Id.* at 1-3. Todd, Baker, and Eppig supervised Anusie-Howard. *Id.* at 2. In 2007, Anusie-Howard's husband became disabled--because he cannot be left alone for extended periods, Anusie-Howard had to take time off from work to care for him. *Id.*

In October 2008, Anusie-Howard received leave under the FMLA to care for her husband who had begun suffering from kidney and heart failure. *Id.* at 3. Mary Romney, a BCPS employee, assured Anusie-Howard that her paperwork had been received and approved. *Id.* However, Kevin Kenion, Anusie-Howard's "acting Chief," called Anusie-Howard and "harassed" her for not reporting to work. *Id.* at 2-3. Romney then stated that she had

---

[2] For the motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). In reviewing the motion to dismiss, the Court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[3] Anusie-Howard does not specify Lee's position. *See* ECF No. 24 at 3.

2

not received the paperwork. *Id.* On November 11, 2008, Anusie-Howard reported to her supervisor, Kevin Roberts, that Romney had lied about the approval, but Roberts took no action. *Id.* at 4.

In October 2009, Anusie-Howard requested FMLA leave three times to care for her husband who had suffered a hernia. *Id.* at 3, 8. The requests were denied, and Anusie-Howard was forced to use her vacation days, sick time, and other benefits. *Id.* at 10. Because of this denial, on October 19, 2009, Anusie-Howard switched to a part-time position at Millbrook Elementary school. *Id.* at 4, 10. That same month, "[d]espite her status as a part-time employee, Defendants continued to assign [her] a full-time work schedule." *Id.* at 9. She was expected "to complete double the amount of workload in half the time." *Id.* The defendants also "retaliated against" Anusie-Howard "for requesting benefits under the FMLA . . . by mischaracterizing her sick time and her leave time, by miscalculating the benefits and pay earned and by otherwise continuing a pattern of harassment including locking [her] out of the building on September 12, 2011." *Id.* at 4.

On March 18, 2010, Anusie-Howard called in sick with a viral infection. *Id.* Baker told her: "You need to bring your tail to work because you're being vindictive towards Pat."[4] *Id.* He then "threaten[ed]" Anusie-Howard "by indicating that he was

---

[4] Anusie-Howard does not otherwise identify Pat.

3

aware of unidentified items in her personnel file that reflected negatively upon her" and "initiated aggressive arguments" with her "regarding her use of her FMLA benefits." Id. at 4-5, 9.

On April 14, 2010, Anusie-Howard filed a grievance report alleging that Roberts continued to assign her full-time duties to be performed within her part-time work schedule and disciplined her for an absence on April 8, 2010, when she had "adhere[d] to proper call-in procedure."[5] Id. at 5. On April 28, 2010, Anusie-Howard met with Roberts, Todd, and Lora Williams, a union representative. Id. Although Anusie-Howard believed the meeting was about her grievance and a recent appraisal by Baker, she was not given the opportunity to discuss these issues. Id. Instead, she "faced accusations" of unspecified "gross misconduct." Id.

From April 2010 to October 2010, Todd assigned a "disproportionately physical workload" to Anusie-Howard, requiring her to complete the duties of a full-time employee in addition to her own in a part-time schedule. Id. Anusie-Howard had more work than her co-workers: up to 80% of the total cleaning duties. Id.

On October 20, 2010, Anusie-Howard injured her back at work. Id. Todd refused to provide her with workers'

---

[5] Anusie-Howard alleges that "these actions were in retaliation for the Plaintiff's request to receive FMLA leave in 2008 and 2009." ECF No. 24 at 5.

4

compensation papers, and Anusie-Howard was forced to use sick time, urgent business time, floating holiday time, and family sick time to recover. *Id.* at 6. On January 4, 2011, Anusie-Howard returned to work. *Id.* Although her doctor had recommended light duty, Todd assigned Anusie-Howard to her regular duties. *Id.* On January 7, 2011, Todd falsely accused Anusie-Howard of not cleaning all the classrooms. *Id.*

On January 20, 2011, Frank Leon, a Field Representative, went to the school to address Todd's accusations about Anusie-Howard's performance. *Id.* at 6, 9. When Anusie-Howard told him that Todd had assigned her eight hours of work to be completed within four hours, he responded "I don't know why Mike Baker and William Todd won't leave you alone." *Id.* at 6.

On May 10, 2011, Anusie-Howard filed another grievance, alleging that although she had timely notified her supervisors of a family emergency, she was told that she would not be compensated for her time off. *Id.* at 5. On May 20, 2011, Anusie-Howard met with Williams. *Id.* at 6. Anusie-Howard learned that the defendants "sen[t] fabricated emails, falsif[ied] and wrongfully modif[ied] . . . paperwork regarding vacation pay . . . [and] intentionally fail[ed] to submit [Anusie-Howard]'s requests for paid time off." *Id.* On August 11, 2011, Anusie-Howard filed another grievance. *Id.* at 7.

On August 29, 2011, Anusie-Howard received a recorded telephone call from the superintendent stating that all school employees were off because of power outages from Hurricane Irene. *Id.* That afternoon, Anusie-Howard received a call from a coworker inquiring why she was not at work; Millbrook Elementary had power, and maintenance employees had been told to report. *Id.* Baker and Todd had called other maintenance workers, but not Anusie-Howard. *Id.*

On September 1, 2011, Anusie-Howard filed a charge with the Equal Employment Opportunity Commission ("EEOC") stating that the defendants and others had retaliated against her by giving her an excessive workload and falsifying her attendance records in retaliation for her use of her sick time. *See id.*; ECF No. 15-1 (charge). On September 13, 2011, the EEOC sent Anusie-Howard a right to sue letter. ECF Nos. 24 at 8, 15-2. On September 20, 2011, Leon "engaged in a hostile confrontation" with Anusie-Howard about her EEOC charge. *Id.* at 9. On October 5, 2011, Baker and Eppig threatened Anusie-Howard "with discipline and discharge." *Id.* at 9.

On December 13, 2011, Anusie-Howard sued the defendants in the Circuit Court for Baltimore County, Maryland for punitive and compensatory damages for (1) retaliation for filing for FMLA benefits (the "retaliation claim"), and (2) violation of the

FMLA (the "interference claim").[6] ECF No. 2. On January 20, 2012, the defendants removed to this Court. ECF No. 1. The Court granted the defendants motion to dismiss, but granted Anusie-Howard leave to amend her complaint. ECF No. 13 at 8. On June 8, 2012, Anusie-Howard filed an amended complaint, alleging more information about her eligibility for benefits under the FMLA. ECF No. 15.

On June 26, 2012, the defendants moved to dismiss the amended complaint for failure to state a claim. ECF No. 18. On January 29, 2013, the Court granted the motion in part and denied it in part,[7] and granted Anusie-Howard leave to amend her complaint to plead a *prima facie* case of retaliation. ECF No. 22 at 18. On February 20, 2013, Anusie-Howard filed a second amended complaint. ECF No. 24. On March 11, 2013, the defendants moved to dismiss the second amended complaint. ECF No. 25. On April 12, 2013, Anusie-Howard responded. ECF No. 27. On April 29, 2013, the defendants replied. ECF No. 29.

---

[6] *See Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 546 (4th Cir. 2006) (describing interference and retaliation claims). An interference claim alleges a violation by an employer of the prescriptive rights created by the FMLA. *Id.*

[7] The Court dismissed Anusie-Howard's interference claim from her October 2008 request for FMLA benefits but did not dismiss her interference claim from her October 2009 request for FMLA benefits. *See* ECF No. 22 at 12-13. She was not granted leave to amend her October 2008 interference claim, because the claim was barred by the statute of limitations, and the amendment would have been futile. *See id.* at 18.

II. Analysis

A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

B. Retaliation Claim

To state a *prima facie* claim of retaliation, Anusie-Howard must show that (1) she engaged in a protected activity, (2) her employer took adverse action against her, and (3) the adverse action was causally connected to her protected activity. *Yashenko*, 446 F.3d at 551. The defendants assert that Anusie-Howard has failed to allege a causal connection between the adverse acts and her protected activity. ECF No. 25-1 at 7. Anusie-Howard contends that she should be allowed "to conduct discovery in order to establish the causation element of her retaliation claim."[8] ECF No. 27-1 at 4.

"[A] causal connection ... exists where the employer takes adverse employment action against an employee shortly after

---

[8] As this Court has stated twice previously, "Anusie-Howard must state a plausible claim for relief before she is entitled to discovery; her request for discovery does not justify denying the motion to dismiss." ECF Nos. 22 at 17 n.23, 13 at 8 (*quoting Iqbal*, 556 U.S. at 678-79, 129 S.Ct. 1937).

9

learning of the protected activity." *Price v. Thompson*, 380 F.3d 209, 213 (4th Cir. 2004). Courts have held that the passage of a few months is sufficient to negate a causal connection when time, and nothing more, is alleged.[9]

In the second amended complaint, Anusie-Howard alleges several acts of retaliation by the defendants: (1) she was assigned to a full-time workload, despite her part-time status, the same month she filed for FMLA benefits;[10] (2) in March 2010, Baker was "aggressive" and "hostil[e]" toward her "regarding her use of her FMLA benefits" and told her to come to work when she was sick;[11] (3) "[s]ince applying for FMLA benefits, [the

---

[9] *See Pascual v. Lowe's Home Ctrs., Inc.*, 193 Fed. App'x. 229, 233 (4th Cir. 2006) (per curiam) (four months); *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (three months); *Hughes v. Derwinski*, 967 F.2d 1168, 1174 (7th Cir. 1992) (four months); *cf. Price*, 380 F.3d at 213 (finding causal connection at nine months in failure-to-hire context because the adverse action was taken at the first opportunity).

[10] Anusie-Howard also alleges that, the same month she filed for FMLA benefits, she "was placed on a part-time schedule." ECF No. 24 at 9. Because she suggests elsewhere that she requested the part-time schedule, *see* ECF No. 24 at 10, this statement does not appear to allege that her new schedule was a retaliatory act by the defendants.

[11] The Court previously held this was not a materially adverse action, ECF No. 22 at 16; thus this allegation cannot support a *prima facie* claim of retaliation. Similarly, Anusie-Howard's allegations that Kenion harassed her about not reporting to work after she filed for benefits in 2008, Romney lied about the paperwork, and her supervisor refused to get involved are not materially adverse actions. *See* ECF No. 24 at 3-4. They "did not impose any disciplinary action . . . or otherwise have a tangible employment consequence," *see Wells v. Gates*, 336 Fed.

10

defendants] subjected [her] to unequal and disparate treatment" compared to her colleagues; (4) "Defendants failed to properly debit her FMLA time;" (5) on September 12, 2011, Todd locked her out of her assigned building; (6) on September 20, 2011, Leon "engaged in a hostile confrontation" with her about her EEOC complaint; and (7) Baker and Eppig "threatened [her] with discipline and discharge." ECF No. 24 at 8-9. She also alleges that the defendants took all these actions "in retaliation for [her] filing for benefits under the FMLA." *Id.* at 9.

The Court previously held that allegations 4, 5, 6, and 7--unaltered from the previous amended complaint--did not establish a causal connection between the allegedly retaliatory acts and Anusie-Howard's protected activity. ECF No. 22 at 16-17 & n.22. Adding a conclusionary statement, that the defendants took action "in retaliation" for her protected activity, is insufficient to allege the required causal connection. *See Iqbal*, 556 U.S. at 678 (plaintiff must do more than "plead[] facts that are 'merely consistent with a defendant's

---

App'x. 378, 383 (4th Cir. 2009), and Anusie-Howard's benefits were approved in 2008, ECF No. 24 at 3. Moreover, they did not dissuade Anusie-Howard from engaging in protected conduct, because she filed for benefits again in 2009. *See* ECF No. 24 at 3; *Wells*, 336 Fed. App'x. at 383. Thus, these are mere "petty slights" and cannot support a retaliation claim. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006).

liability'").[12] Accordingly, these allegedly retaliatory acts cannot support a *prima facie* claim of retaliation. Similarly, alleging that "unequal and disparate treatment" has happened since she filed for FMLA benefits is insufficient to state a *prima facie* claim, because all the alleged disparate treatment that occurred "since" she filed for benefits occurred many months after.[13]

However, she also alleges that, in October 2009, "[t]he same month that [she] applied for FMLA benefits," the defendants "continued to assign [her] a full-time work schedule," despite her newly part-time status. ECF No. 24 at 9. The Court previously held that this allegation--assigning full-time work to a part-time employee--sufficiently pled an adverse employment action. *See* ECF No. 22 at 15; *Gilreath v. N. Carolina ex rel. Cumberland Cnty. Bd. of Educ.*, 5:11-CV-00627-BR, 2012 WL

---

[12] Anusie-Howard makes other, similar conclusionary statements in the second amended complaint: (1) the defendants' "mischaracteriz[ation of] her sick time" and "miscalulat[ion of her] benefits" were in retaliation for her requesting leave; and (2) Roberts disciplined her on April 8, 2010 "in retaliation" for requesting FMLA leave. ECF No. 24 at 4-5. These statements, without more, are insufficient to allege a causal connection. *See Iqbal*, 556 U.S. at 678.

[13] For example, Anusie-Howard alleges that, on August 29, 2011, Baker and Todd intentionally failed to inform her that she had to report to work after Hurricane Irene, although they had called all her colleagues. ECF No. 24 at 7. This occurred almost two years after she had last filed for benefits. *See id.* at 3. Without more, the Court cannot infer a causal connection between these two events, given the long time between them. *See, e.g., Pascual*, 193 Fed. App'x. at 233.

12

1219765, at *3 (E.D.N.C. Apr. 10, 2012). The Court may infer a causal connection between her protected activity and the adverse action, because the heavy workload assignment began "shortly after" Anusie-Howard filed for FMLA benefits--in the same month.[14] See Price, 380 F.3d at 213. Anusie-Howard has stated a prime facie claim of retaliation with respect to this allegation.

C. Leave to Amend

Anusie-Howard requests leave to further amend her complaint if necessary. ECF No. 27-1 at 10. She may do so only with the defendants' consent[15] or the Court's permission. Fed.R.Civ.P. 15(a)(2); Rice v. PNC Bank, N.A., No. PJM-10-0007, 2010 WL 1711496, at *2 (D. Md. Apr. 26, 2010). Leave should be freely given when justice requires;[16] it "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment

---

[14] The defendants dismiss this allegation as "nothing more than a combination of new verbage . . . mixed with verbage taken from" the previous complaint. ECF No. 25-1 at 10. However, the revision closely connects the timing of Anusie-Howard's 2009 request for benefits with the defendants' change in her workload, allowing the Court to now infer that the two events were related. Thus, the defendants are incorrect in asserting that the "new verbage" is "insufficient to establish a nexus." See id.

[15] The defendants request dismissal of Anusie-Howard's claims with prejudice. ECF No. 25-3.

[16] Fed.R.Civ.P. 15(a)(2).

would be futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (internal quotations omitted)).

However, "permission to replead should not be granted where [] plaintiffs have already had ample opportunity to frame their claims and have failed to do so properly." *Quest Med., Inc. v. Kischner Med. Corp.*, CIV. A. WN-90-858, 1992 WL 311193, at *8 (D. Md. July 29, 1992) (denying permission to amend the complaint a third time). The Court has granted leave to amend twice, and warned that it would not likely grant leave again. *See* ECF Nos. 13 at 8, 22 at 18 & n.25. Anusie-Howard has not offered any justification for her failure to properly allege causation for the retaliatory acts she alleges, beyond the increase in her workload, nor has she stated the amendments she intends to make. *See* ECF No. 27-1 at 10; *Estrella v. Wells Fargo Bank, N.A.*, 497 F. App'x 361, 362 (4th Cir. 2012) ("[When] the plaintiff fails to formally move to amend and fails to provide the district court with any proposed amended complaint or other indication of the amendments [s]he wishes to make, 'the district court [does] not abuse its discretion in failing to give the plaintiff[ ] a blank authorization to 'do over' [her] complaint.'") (quoting *Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009)). Accordingly, all other claims of retaliatory conduct will be dismissed with prejudice.

III. Conclusion

For the reasons stated above, the defendants' motion to dismiss will be granted in part and denied in part.

11/15/13
Date

_____
William D. Quarles, Jr.
United States District Judge